IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE TILTON,

        Plaintiff,

vs.                                                  CIV 04-993 KBM/LCS

DONA ANA COUNTY DETENTION
CENTER, et al.

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on several pending motions relating to Defendant "Doctor Duhigg." The Complaint alleges that Plaintiff was denied adequate medical care while detained on pending state charges at the Dona Ana County Detention Facility ("DADCF"). Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.

Dr. Cassius ("Cash") Duhigg, who at that time was employed by DACDF, died in the late fall of 2003. *See Doc. 5* (suggestion of death). It appears undisputed that Dr. Duhigg was not served with process before his death. And, of course as a practical matter, service of process can no longer be made on Dr. Duhigg. Thus, Plaintiff has filed three motions *(Docs.28, 29 & 41)* seeking to substitute Dr. Duhigg's estate as a defendant. On behalf of the defendant identified as "Doctor Duhigg," Madison, Harbour, Mroz & Brennan, P.A.[1] now concede that the ninety days

---

[1] The Madison law firm indicates that it has filed an answer and responded to discovery requests on the doctor's behalf to protect the record only. The firm does not represent the doctor's estate. *See Doc. 44* at 2. As Plaintiff notes, there has been some confusion with regard to representation. The Rule 16 initial scheduling conference went forward on the Court's belief that Mr. Babington represented all of the individual defendants including Dr. Duhigg.

within which to substitute the estate did not begin to run with the filing of the "Suggestion of Death" on December 16, 2004, *Doc. 40* at 2, because the notice was not served on the parties to be substituted for the deceased Dr. Duhigg. *See Doc. 5*. Therefore, Dr. Duhigg acknowledges that Plaintiff "is technically not out of time" in which to file a motion to substitute the estate. *Doc. 40* at 2.

Nevertheless, the motion to substitute the estate is opposed. On Dr. Duhigg's behalf, the Madison law firm had previously filed a motion to dismiss pursuant to FED. R. CIV. P. 4(m) for untimely service of process *(Doc. 26)*. The firm requests that I stay ruling on the other pending motions until I have addressed the timely service issue as it pertains to Dr. Duhigg.

As to Defendant's motion to dismiss, the Federal Rules of Civil Procedure require that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The Tenth Circuit

> employs a two-step analysis for dismissal pursuant to Rule 4(m). The district court must first consider whether a defendant has shown good cause for failure to serve a defendant. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." The court may then, within its discretion, dismiss without prejudice or extend the time for service.

*Womble v. Salt Lake City Corp.*, 84 Fed. Appx. 18, *20, 2003 WL 22925276, *1 (10th Cir. 2003) (citations omitted).

Plaintiff maintains that he has shown good cause for an extension of time to effectuate service under FED. R. CIV. P. 4. Plaintiff's attorney has filed an affidavit detailing her attempts to serve Dr. Duhigg, and finally the February 24, 2005 service of process on John Duhigg, the personal representative of Dr. Duhigg's estate. Plaintiff further argues that even if good cause has not been demonstrated, a permissive extension should be granted to avoid dismissal of the claims against Dr. Duhigg on the grounds of a statute of limitations bar. Indeed, the Advisory Committee note to Rule 4(m) following the 1993 amendments supports this interpretation:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

FED. R. CIV. P. 4(m) Advisory Committee's Note (1993) (emphasis added).

I agree that an extension is appropriate under the circumstances recited in Plaintiff's response to the motion to dismiss. *See Doc. 32 & accompanying affidavit*. Therefore, I will allow substitution of the Estate of Cassius Duhigg, personal representatives John and David Duhigg for Defendant Doctor Duhigg.

Counsel are also cautioned to review the local rules of this district. Few, if any, of the pending motions recite that concurrence of opposing counsel was sought prior to the filing of the motion as is required by Local Rule 7.4(a). Indeed, Defendant Duhigg actually withdrew one such motion after reviewing the response in opposition. Moreover, Plaintiff's counsel has filed numerous motions, one of which was identical to an earlier filed motion, seeking the same relief. The local rules help the court and parties to marshal and conserve judicial resources for the resolution of truly disputed issues and to avoid the filing of duplicative motions which confuse the

state of the litigation.  Although I could have summarily denied the motions on this basis that they do not conform to our rules, I have instead opted to address the motions on their merit to move this case along and clarify the record.  To preserve resources and process this case in a fair and expeditious manner, counsel are instructed to fully comply with the local rules or expect that I will take whatever steps are necessary to assure compliance in the future.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1)  Defendant "Doctor Duhigg's" Motion for Stay of Proceedings on Issues of Substitution of Parties *(Doc. 38)* is **granted** insofar as it seeks a ruling on the motion to dismiss pursuant to FED. R. CIV. P. 4(m) before proceeding to the substitution of parties issues;

(2)  Defendant "Doctor Duhigg's" Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) for Untimely Service of Process *(Doc. 26)* is **denied**;

(3)  Plaintiff's Motion to Substitute Parties *(Doc. 29)* is **granted**.  Plaintiff is hereby permitted to substitute the Estate of Cassius Duhigg, personal representatives John and David Duhigg, for Defendant Doctor Duhigg; and

(4)  Plaintiff's Motion for Leave to Substitute Parties Out of Time *(Doc. 28)* and Plaintiff's duplicative Motion to Substitute Party *(Doc. 41)* are **denied as moot**.

_____
UNITED STATES MAGISTRATE JUDGE